UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

      Plaintiff,

v.                         CASE NO: 6:15-cr-159-Orl-41TBS

JOSE SALVADOR RUIZ

      Defendant.

_____

## ORDER

This case comes before the Court on Defendant Jose Salvador Ruiz' Motion to Seal Document (Doc. 30).   On October 13, 2015, Defendant pled guilty to one count of receiving child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(B) and (b)(1) (Doc. 26).   Now, Defendant is asking the Court to seal his Sentencing Memorandum and Motion for Downward Departure or Adjustment to the Advisory Guidelines and Motion to Mitigate Sentence on the ground they it references and attaches an exhibit which contains psychological reports from doctors.

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern,'" Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)), "and '[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process.'" Id. (quoting Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001)).   "Beyond establishing a general presumption that criminal and civil actions should be conducted publicly, the common-law right of access includes the right to inspect and copy public records and documents." Chicago Tribune Co., 263 F.3d at

1311 (citing <u>Nixon v. Warner Commc'ns Inc.</u>, 435 U.S. 589, 597 (1978)).   "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'"   <u>Romero</u>, 480 F.3d at 1246 (quoting <u>Chicago Tribune Co.</u>, 263 F.3d at 1309.   In balancing these interests,

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

<u>Id</u>.

Defendant's motion does not contain a memorandum of law, fails to explain why his entire paper, as opposed to the exhibit, should be filed under seal, and fails to state the Government's position on the motion.   Nevertheless, the Court recognizes that Defendant has a privacy interest in reports concerning his mental condition.   It does not appear that Defendant is a public official, or that the public has shown any special interest in this case.   And, the public will have an opportunity to attend Defendant's sentencing.  Accordingly, the Court finds that the balance tips slightly in Defendant's favor.   Now, the motion is **GRANTED** to the extent that Defendant may file the exhibit which contains psychological reports **UNDER SEAL**.   The exhibit shall remain under seal until further order of Court.   Defendant shall provide a copy of the exhibit to the Government.   In all other respects the motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on December 9, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Defendant